Weldon, J.,
delivered the opinion of the court:
.In the argument in this case the contention upon the part of the plaintiff was that the depredation was committed by the. Utah Indians, and that said Indians at the time of the depredation were in amity with the United States.
The court having considered the evidence, reached the conclusion, as shown in the findings of fact, that whatever depredation was committed was not committed by the Utah Indians, but, on the contrary, was committed by the Jicarilla Apache and Comanche Indians; and from the report of the military officer in charge of the United States troops at and near the place where the alleged depredation was committed, the court has determined that a want of amity existed between the United States and the Indians committing the depredation.
By the act giving the court jurisdiction a condition of amity on the part of the depredating Indians is a necessary element in the jurisdiction of the court, and if it is found that they were not in amity, then the jurisdiction ceases.
It will be seen by the report of the military officers, that an engagement took place between the forces of the United States upon the one side and the Indians on the other; that the Indians numbered about 250 or 300 Apaches and Oomanches, and that *513 they drove off a large number of the stock; that the forces of the United States were so overpowered that they were compelled to act upon the defensive only, and that' the officer in charge was compelled to call for reenforcements and rations for thirty days, indicating a condition of extended hostility; that on the 26th day of June a citizen in charge of a herd of cattle and a bugler connected with the military company were killed. So desperate was the attack that the officer in command was scarcely able to save his horses; that he had to send for reenforcements, expecting when they arrived to follow the trail of the Indians. The extent of such pursuit is indicated b}' the fact that he intended to take provisions for a march of twenty-five or thirty days.
The facts and circumstances surrounding the alleged depredation clearly indicate a condition of a want of amity when examined in the light of the law as announced by the Supreme Court and this court in the case of Marks v. The United States (28 C. Cls. R., 147; 161 U. S. R., 297) and in the case of Leighton v. The United States (29 C. Cls. R., 288; 161 U. S. R., 291).
In those cases it was sought on the part of the claimants to apply the rule applicable to a condition of war between independent nations in determining the legal import of the term “amity” as used in the statute giving the court jurisdiction. But the Supremo Court said in the Marks case (supra): “ Without questioning those declarations and decisions as applied to the relations between independent nations, we think they avail but little in the solution of the question here presented. That question is, What limitation did Congress intend by the words ‘in amity with the United States?’ The word ‘ amity’ is not a technical term. It is a word of common use; and such words when found in a statute must be given their ordinary meaning unless there be something in the context which compels a narrower or a different scope. Webster defines it, ‘ friendship, in a general.sense, between individuals, societies, or nations; harmony; good understanding; as, a treaty of amity and commerce.’ The last part of this definition shows that the phrase ‘ in amity ’ is not the equivalent of ‘ under treaty. ’ A ‘ treaty ’ implies political relations; ‘ amity ’ signifies friendship, actual peace.”
*514 Whatever may have preceded or followed the alleged depredation, it is very clear from the circumstances detailed by the report that at the time of the alleged taking of the property there was an absolute suspension of a condition of peace and of friendship; and that it was not a struggle to perpetrate or to prevent a more depredation, but it partook of the character of military hostility, the parties being arrayed against each other as military belligerents, the United States represented by its military force and the defendant Indians having all of the indications of a state of actual hostility.
In the Marks case it was the contention of the claimant that treaty relations subsisting at the time of the alleged depredation were in legal effect a state of amity. This view of the case was not taken by the Supreme Court, nor by this court, but both held amity to represent a condition of peace and friendship, and not a condition growing out of the legal effect of the treaty. The question is not what in law is the status of the offending Indians depending on treaty relations, but whether they are in that degree of hostility which prevents and supersedes a condition of peace and amity. For the reasons above stated the petition is dismissed for want of amity.